THE BOARD OF EDUCATION OF BROWN TOWNSHIP, FAIRFIELD COUNTY, AND OTHERS *v.* JOHN CHENEY.

Under the 24th section of the act to establish a fund for the support of common schools, which provides that "so much of the moneys coming from township tax levied for the continuation of schools after the State fund has been exhausted, shall be applicable only to the payment of teachers in the proper township, and shall be drawn for no other purpose whatever; and all school funds made applicable to the payment of teachers only, shall be distributed to the several sub-districts and fractional parts of districts in the township, in *proportion* to the *enumeration* of the scholars," each sub-district is entitled to such distribution, and the funds cannot be applied in any other proportion for the purpose of keeping up a school for seven months in *each* district, notwithstanding the provision of the same act, which provides that the board shall make the necessary provision for continuing the schools in operation in their respective townships, for at least seven months.

Where such board has not sufficient funds to keep up a school in each sub-district for seven months, *without* using the funds belonging to other districts, it cannot comply with the requisitions of the statute in that particular.

MOTION for leave to file a petition in error, to reverse a judgment of the District Court of Fairfield county.

The facts are stated in the opinion of the court.

*Hunter & Daugherty*, for the motion.

KENNON, J.    The board of education of Brown township, caused a tax of $400 to be assessed and collected in the township, for the purpose of continuing the schools in the township after the State fund should be exhausted.

John Cheney was a resident freeholder of the township, and paid a portion of the tax, and two members of his family were over the age of five, and under the age of twenty-one years, and had a right to the benefit of the free schools.

The board of education were about to distribute the $400 to the several sub-districts in the township, not in proportion to the enumeration of the scholars in each sub-district, but in such manner as to have a school continued at least seven months in each sub-district, thereby giving to the sub-district in which Cheney

resided a sum less than that district would have been entitled to, if it received a sum in proportion to the enumeration of the scholars in his district.

Cheney instituted a civil action against the board, to prevent the proposed distribution.

The opinions of the common pleas and district court were opposed to the proposed distribution, and the district court adjudged a distribution to the several sub-districts in proportion to the enumeration of the scholars in the several sub-districts.

A motion is now made in this court by the board of education, for leave to file a petition in error to reverse this judgment.

It is claimed:

1st. That the fund ought not to be distributed to the several sub-districts in proportion to the enumeration of the scholars in each, but in such manner that each sub-district should have a school for at least seven months in the year, and that the schools could not be kept seven months in each district, if distributed according to the enumeration, but could be so kept, if distributed in a different proportion.

2d. That the remedy, if any, was by mandamus, or action for damages after the distribution had been made.

If either of these claims is well founded, leave ought to be given to file the petition.

By the 24th section of the act it is provided, " That so much of the school moneys coming into the hands of the treasurer as may be derived from the State tax, or from any township tax levied for the continuation of schools after the State fund has been exhausted, shall be applicable only to the payment of teachers in the proper township, and shall be drawn for no other purpose whatever, and all school funds, made applicable to the payment of teachers only, shall be distributed to the several sub-districts, and fractional parts thereof, in the township, in *proportion* to the enumeration of the scholars."

These $400 were levied expressly for the purpose of continuing the schools after the State fund should be exhausted, and the statute in very clear language provides that the fund thus levied shall be distributed to the several sub-districts in proportion to

the *enumeration* of the *scholars* in the sub-district. Each sub-district acquires a *perfect right* to a certain portion of this fund, a right of which it cannot be deprived without in effect repealing this clause of the statute, and no one would claim that any other or different application could be made of this fund, were it not for another clause of the same section, which declares, " that all other school funds of the township, not raised for the central or high schools, nor made applicable ‐ to the payment of teachers as aforesaid, shall be applied, under the direction of the board, in repairing, building, or furnishing school houses, in procuring school house sites, and in making such other provisions for schools in the sub-districts of the proper townships as may in the opinion of the board be necessary ; and each township board shall make the necessary provision for continuing the schools in operation, in their respective townships, for at least seven months in each year."

By the 22d section of the same act, it is made the duty of the board of education in each township to determine, by estimate, as nearly as practicable, the entire amount of money necessary to be expended in the township for school purposes, other than for the payment of teachers, and also such additional amount as the board may think necessary, not exceeding two mills on the dollar valuation of the taxable property of the township, for the exclusive purpose of sustaining teachers in the central or high schools ; *or*, for the purpose of prolonging, after the State fund has been exhausted, the terms of the several sub-district schools in the township, or for both purposes, as the board may judge best. In this section, the amount which the board are authorized to assess can not exceed two mills on the dollar, and this amount, thus raised, is expressly required to be distributed to each sub-district in proportion to the enumeration of the scholars therein, and can be applied to no other purpose whatever ; so that the power of raising the fund, as well as the mode of distribution, are prescribed by the State, and, if the schools cannot be sustained seven months in each year, with the funds provided by law for that purpose, the board cannot make the necessary provision for continuing the schools for seven months, for the obvious reason that the Legislature has failed to furnish the board with the means of so doing.

Indeed, it might be argued, with equal force, that, if the State school fund, and the tax of two mills on the dollar, assessed by the board, should prove insufficient for the support of schools for seven months in each year, the board must assess a tax of four mills on the dollar for that purpose, merely because the law requires the board to make the necessary provision for keeping up the school for seven months in each township. The assessment of the additional tax over and above what the law authorizes to be assessed, would be the exercise of a power no less expressly prohibited than the appropriation of the fund in a proportion different from that prescribed by the statute, viz : in proportion to the enumeration of the scholars in the sub-district.

We are therefore of opinion that the board had no authority to make the distribution claimed by it, and that the district court did not err in holding that the fund should be distributed to each sub-district in proportion to the enumeration of the scholars therein.

At this point of the case, the counsel for the petitioner withdrew his motion to file the petition, the principal question having been determined against the motion.