ROBINSON ET AL. *v.* THE STATE, EX REL. MARTIN, TRUSTEE.

TOWNSHIP TRUSTEE.—*Action on Bond.—Parties.—Relator.*—An action on the bond of a defaulting, former township trustee, to recover moneys belonging to the civil and school funds of the township, may be brought on the relation of his successor, in his capacity of township and school trustee, jointly.

SAME.—*Conversion of one Fund to Use of Another.*—A township trustee, who applies money belonging to any one of the separate funds under his con-

Robinson *et al. v.* The State, *ex rel.* Martin, Trustee.

trol to the payment of a claim against another of such funds, is guilty of a conversion and of a breach of his bond.

SAME.—*Answer.—Set-Off.—Money Paid to Use of Township.*—To a complaint on the bond of a township trustee, alleging specific conversions of the several funds in his hands, the defendant answered, alleging generally an indebtedness of his township to him for money had and received for his use, and for money paid out by him for the use and benefit of his township; but the answer contained no bill of particulars or averment showing the particular application of such money.

*Held,* on demurrer, that the answer is too general to constitute a set-off, and is insufficient.

SAME.—*Answer by Surety.— County Commissioner.—Erasure.—Evidence.*—A surety on the bond, in such action, answered, that, having executed such bond while a member of the board of commissioners having cognizance of such trustee's bond and reports, he, as a measure of public policy and with the consent of the county auditor, such trustee and the board of commissioners, erased his name from such bond, and procured an additional surety thereon.

*Held,* on demurrer, that the answer is insufficient.

*Held,* also, that, on the trial of the action, the plaintiff could introduce such bond in evidence, accompanied by other evidence explaining the erasure.

SAME.—On the trial of such cause, the defendant offered in evidence the report of a committee, appointed by the board of commissioners to investigate the financial condition of such township, showing a balance due from the township to the trustee.

*Held,* that, in the absence of evidence that either the trustee or the township was a party to such investigation, it was properly excluded.

SAME.—Where, in such case, the complaint alleged no amount due on account of the road fund, evidence of a payment on account of that fund was properly excluded.

From the Montgomery Circuit Court.

*P. S. Kennedy, W. T. Brush, G. D. Hurley* and *B. Crane,* for appellants.

*W. P. Britton* and *M. W. Bruner,* for appellee.

NIBLACK, J.—This was an action by the State of Indiana, on the relation of Peter J. Martin, civil and school trustee of Union township, of Montgomery county, against John R. Robinson, James Lee, Henry Sperry, Maurice J. Lee and Elizabeth Davis, administratrix of Jacob Davis, deceased, on the official bond of the said Robinson, as a former trustee of said township.

It is alleged, generally, that, on the 13th day of October, 1874, the said Robinson was elected trustee of said township for the term of two years, and that, on the 27th day of the same month, he duly qualified as such trustee, giving bond in the penal sum of $15,000, with the said James Lee, Henry Sperry, Maurice J. Lee and Jacob Davis as his sureties; that the said Robinson immediately entered upon the discharge of his duties as such trustee, and continued in office until in December, 1876 (having in the mean time been elected his own successor), when he resigned, and the said Peter J. Martin was appointed to fill the vacancy made by his resignation; that, during his term of office, commencing in October, 1874, as aforesaid, the said Robinson, as such trustee, received money belonging to the different funds which the law placed in his hands, and which money he failed to pay out according to law, as follows:

1. Township fund, $1,938.21.
2. Tuition revenue, $5,485.70.
3. Special school revenue, $3,930.10.

That said Robinson borrowed at different times during his term of office, commencing as above stated, from the First National Bank of Crawfordsville, sums of money amounting in the aggregate to $65,000; that such money was borrowed in his name as trustee of said township, and the discount or interest thereon, amounting to more than $3,000, was paid by him out of the special school revenue which came into his hands from time to time as such trustee; that he did not charge himself with such borrowed money, nor any part thereof, on the books or records of his office, nor in any of his official reports made, as such trustee, to the board of commissioners of the county, but wholly failed to make any account thereof.

The complaint was in seven paragraphs.

The first paragraph was based upon the idea that Robinson had the right to borrow said moneys, as such trustee, and that it was his duty to account for the same in a

suit on his bond. It alleges all the facts touching his acts in the matter, as above set forth, and concludes with the statement that $15,000 of such borrowed money remained on hand at the expiration of his term of office, and that the same had not been paid out according to law.

The second paragraph sets up a cause of action in favor of the school township for special school revenue, and alleges two breaches of the bond, in substance, as follows:

1. That said Robinson received, in his official capacity as trustee, during his term of office, commencing in October, 1874, special school revenue to the amount of $13,359.64, belonging to said school township; that he properly paid out and expended on behalf of said school township, during his said term, for special school purposes, the sum of $9,422.79, leaving a balance in his hands, at the expiration of his said term, of $3,936.85, which balance he did not pay out according to law. Nor did he pay it, or any part of it, over to his successor. Neither did he, nor has he paid it over to the relator, who has made demand, etc.

2. That said Robinson wrongfully, and without authority of law, borrowed some $70,000; that the same was borrowed in his name as township trustee of Union township, ostensibly for and in behalf of the special school revenue; that he did not account for the disposition made by him of said money, as such trustee; but that he took from the special revenue, in his hands as trustee, large sums of money, and improperly and wrongfully paid the same out as and for interest or discount on the money borrowed. And further, that he wrongfully and improperly received credit for such payments on account of interest, to the amount of $1,049.49, in his official report made to the board of county commissioners in October, 1875; that he attempted to obtain a further credit for payments of a like character, to the amount of $1,038.31, in an official report presented by him to the board in October, 1876, but failed to secure the accept-

ance and approval thereof by the board, and the said payments were not allowed him as a proper credit. The paragraph concludes with a prayer for the setting aside of the said official report of October, 1875, so far as the said sum of $1,049.49 is allowed therein to Robinson as a proper credit, and for judgment for the full amount of interest wrongfully paid, as well as for the amount of special school revenue on hand, as alleged.

The third paragraph also sets forth a cause of action in favor of the school township, and is for tuition revenue. It alleges the receipt by said Robinson, in his official capacity of trustee, during his said term, of the sum of $40,000 of revenue for tuition, belonging to the said school township; that he properly paid out and expended all of said sum, as trustee, etc., for teaching the schools of the township, except the amount and sum of $5,485.70, which was not paid out and expended by him according to law, and that the same was on hand at the expiration of his said term of office; that it was not paid over to his successor, nor has it, or any part thereof, been paid over to the relator, who has made demand, etc.

The fourth paragraph alleges a cause of action in favor of the civil township. It charges the receipt of funds by Robinson, as trustee, during his said term of office, to the amount of $6,000, assessed, and collected for township purposes; that he paid out, and properly expended, for township purposes, all of said sum but $2,086.86, which balance was on hand, and unexpended according to law, at the expiration of his said term; that the same was not paid over to his successor, nor to the relator, etc.

The fifth paragraph is the same as the fourth, except that, after alleging the receipt of the $6,000 belonging to the civil township, and the proper expenditure of a part of it, the paragraph goes on to allege that the remainder thereof was misapplied, and illegally paid out by Robinson for road, special school and tuition purposes; concluding with the statement, that the said balance was on

Robinson *et al. v.* The State, *ex rel.* Martin, Trustee.

hand at the expiration of said term, and had not been paid out according to law.

The sixth paragraph is based upon the same facts as the third paragraph, and is in favor of the school township for tuition revenue. It alleges the receipt by Robinson, as trustee, during his said term, of $40,000 of tuition revenue, and the proper expenditure of a part thereof for teaching; but that the remainder of said tuition revenue, $6,000, so received by him, was illegally and wrongfully paid out by him for special school, road and township purposes, and misapplied. It concludes with the same general statement found in all the paragraphs, that the said sum was on hand at the expiration of said term, and has never been paid out according to law.

The seventh paragraph is also in favor of the school township, and is based upon the same state of facts set up in the second breach of the bond, complained of in the second paragraph. It is drawn with especial reference to reaching all of the interest or discount payments alleged to have been illegally made by Robinson during his whole term, as well that included in his report of October, 1875, which was $1,049.49, as the $1,038.31, which was never allowed him as a proper expenditure. The paragraph sets up all the facts connected with the borrowing of the money by Robinson, and concludes with a prayer for the setting aside of the said report as to all the items which go to make up the said sum of $1,049.49, and for judgment for an amount sufficient to cover all the interest payments from first to last.

Fraud is alleged on the part of Robinson in procuring the acceptance of the report by the board of commissioners. It is averred, that, in order to procure the acceptance of the report, and the allowance to him for the interest payments, he fraudulently represented to the board, that the special school revenue which he had received during the year then ending had been insufficient to meet the proper demands against it, and that, for this reason,

Robinson *et al. v.* The State, *ex rel.* Martin, Trustee.

he had been compelled to borrow large sums for the use
of this fund; that the board, relying upon these state-
ments as true, allowed him the credit and accepted the
report, but that the truth and fact was, that he had ac-
tually received several thousands of dollars of this reve-
nue more than he had paid out, clearly showing no neces-
sity on his part to borrow any money.  A copy of the
report showing his receipts and expenditures during the
year, as prepared by himself, is filed with, and made part
of, the paragraph.

The defendants demurred separately to each paragraph
of the complaint, and the court sustained their demurrer
to the first paragraph, and overruled it as to all the
others, to which latter ruling the defendants reserved an
exception.

The defendants then answered in five paragraphs:

1.  In a general denial;

2.  That said township is indebted to the said John R.
Robinson in the sum of one hundred thousand dollars
for so much money had and received for his use, and for
money paid out as trustee of said township for the use
and benefit of said township;

3.  That said Union School Township of Montgomery
county is also indebted to said John R. Robinson in the
sum of one hundred thousand dollars for so much money
had and received for his use, and for money paid out for
the use and benefit of said school township while he was
acting as trustee of such township;

4.  Setting up, as a partial answer to the complaint,
that two settlements had been made between Robinson,
as trustee, and the board of commissioners of Montgom-
ery county—one in October, 1875, which was approved
and accepted by the board, and which showed a balance
then due Robinson of $———, and the other in October,
1876, which was also approved and accepted by said com-
missioners, except as to one thousand dollars, and which
also showed a balance due said Robinson of $———;

Robinson *et al. v.* The State, *ex rel.* Martin, Trustee.

5. Setting up also, as a partial answer and by way of set-off, that the sum of one thousand dollars is due to the said Robinson for services as trustee of said Union township, from October, 1875, to December, 1876.

Demurrers were sustained to the second and third paragraphs of the answer, and overruled as to the fourth and fifth paragraphs, to the first of which said rulings the defendants also reserved an exception

Replies in general denial were then filed to the fourth and fifth paragraphs of the answer.

Thereupon James Lee, one of the defendants, filed his separate answer to the complaint, in two paragraphs:

1. That, at the time he signed the bond sued on, he was a member of the board of commissioners of Montgomery county; that, in December, 1874, being still one of said commissioners, he came to the conclusion that, as he had to examine said bond, and had to act from time to time on the reports of the said Robinson as such trustee, it was against public policy for his name longer to remain on said bond as one of the sureties thereon, and that, with the knowledge and consent of James H. Watson, the auditor of said county and the legal custodian of said bond, and with the knowledge and consent of the said Robinson, and with the knowledge and consent of the said board of commissioners, while in session, he erased his name from said bond; and that, additional security being required, the said Robinson procured Maurice J. Lee to sign said bond in place of him, the said James Lee. Wherefore the said James Lee claimed that he was not liable on said bond.

2. In general denial of the complaint.

A demurrer was also sustained to the first paragraph of the separate answer of the said James Lee, to which he excepted.

The cause having been tried by the court, there was a finding for the plaintiff, assessing the damages at

Robinson *et al. v.* The State, *ex rel.* Martin, Trustee.

$12,378.99, of which sum $1,024.98 was found to be for interest wrongfully paid out by said Robinson, $3,930.10 was found to be due to the special school revenue, $1,938.21 was found to be due to the civil township fund, and $5,485.70 was found to be due the tuition fund; and, over a motion for a new trial by all the defendants, and a separate motion for a new trial by the defendant James Lee, judgment was rendered on the finding.

Errors are assigned here by all the appellants:

1.   Upon the overruling of the demurrer to the second, third, fourth, fifth, sixth and seventh paragraphs of the complaint;

2.   Upon the sustaining of the demurrers to the second and third paragraphs of their answer; and,

3.   Upon the overruling of their motion for a new trial.

The appellant James Lee has assigned errors:

1.   Upon the sustaining of the demurrer to the first paragraph of his separate answer; and,

2.   Upon the overruling of his separate motion for a new trial.

It is objected, that the action was improperly prosecuted on the relation of both the civil and school townships jointly, as was the case, in legal effect, in this action, but we think the objection is not well taken. The bond given by Robinson was executed for the purpose of securing the proper application of the funds of both corporations. A misapplication of the funds of either corporation was a breach of the condition of his bond, of which it was the duty of Martin, his successor, as the representative of both corporations, to take cognizance. In an action on the bond, therefore, breaches might be assigned in favor of both corporations. *Steinmetz* v. *The State, ex rel., etc.,* 47 Ind. 465.

The complaint goes on the theory that it was a misapplication of the money belonging to a particular fund to pay it out on claims against another fund, notwith-

standing the different funds were in the hands, and under the control, of the same trustee.

That theory is earnestly combated by the appellants, as being impracticable and unreasonable, and too strict a construction of the law regulating the duties of township trustees.

The separate and distinct character of the funds belonging to each of the township corporations has been fully recognized by a series of decisions in this court. *Sheffield School Township* v. *Andress,* 56 Ind. 157 ; *The City of Huntington* v. *Day,* 55 Ind. 7.

The same separate and distinct character seems to us to attach to each of the several funds placed in the hands of the township trustee, and the law evidently contemplates that the trustee shall open a separate account with each fund in his hands, and shall only pay out money belonging to a particular fund, on claims or charges against that fund.    1 R. S. 1876, p. 782, sec. 8 ; also p. 901, sec. 10 ; *City of Hoboken* v. *Phinney,* 5 Dutch. 65 ; *German Township School Dist.* v. *Sangston,* 74 Pa. St. 454 ; *The Board, etc.,* v. *Cheney,* 5 Ohio St. 67.

It follows, that, if a township trustee pays out money belonging to one fund, in his hands, on claims or charges against another fund, he is guilty of a conversion of the money thus paid out, and of a breach of his official bond. This conversion may prove to be an absolute defalcation, or only a technical breach of the trustee's bond, dependent upon the subsequent conduct of the trustee in relation to the reimbursement of the fund thus diverted.

Applying the rules thus laid down to the several paragraphs of the complaint before us, we are of the opinion that each one of them alleged facts enough to show a breach of the condition of the bond sued on, and that they were severally sufficient on demurrer.

The second and third paragraphs of the defendants' answer, not being accompanied by bills of particulars, were too general in their allegations to constitute a set-off to any

Robinson *et al. v.* The State, *ex rel.* Martin, Trustee.

portion of the complaint. *Wolf* v. *Schofield,* 38 Ind. 175; *Stephenson* v. *Ballard,* 50 Ind. 176.

As both the civil and school townships have only limited powers as regards the incurring of pecuniary liabilities, we think there was an additional reason why the facts relied on as establishing set-offs in favor of Robinson should be in some manner specially set out.

The demurrer appears, therefore, to have been properly sustained to those paragraphs.

The first paragraph of the separate answer of the defendant James Lee appears to us to have been wholly insufficient, also. While the facts set up did show an evident impropriety in his becoming one of the sureties on Robinson's bond, yet those facts did not make the transaction one so against public policy as to render the bond void as to him, the said Lee, or as to authorize any irregular or unusual proceedings to have his name erased from the bond. The facts, as pleaded, show a mere spoliation of the bond, and not a release of Lee from it. 1 Greenl. Ev., sec. 566; *The State, ex rel., etc.,* v. *Berg,* 50 Ind. 496.

This spoliation only rendered it necessary that the party offering the bond in evidence should explain why certain erasures appeared upon the face of it. 1 Greenl. Ev., sec. 564.

That explanation seems to have been properly and sufficiently made on the trial of this cause, and no error intervened by reason of the admission of the bond in evidence.

On the trial, the defendants offered to prove that Samuel W. Austin and John Overton had been appointed a committee, by the board of commissioners of Montgomery county, to investigate the general financial condition of said Union township, and to report the result of their investigation to said board; also, that the said Austin and Overton had, in pursuance of their appointment, made a report to said board on the financial condition of said

township, showing a balance due to Robinson as trustee thereof, and offering at the same time to follow up the proofs thus proposed by them, by the introduction of the report of the said Austin and Overton in evidence. This proposed evidence was all excluded by the court; and, as it was not made to appear that either the township or the defendants were a party to these alleged proceedings, we must hold that it was rightfully excluded.

The defendants also offered in evidence a receipt for money paid by Robinson, as trustee, for work done on a certain bridge in his township, but the court also refused to admit that receipt in evidence.

As the complaint did not make any demand of the defendants on account of the road fund, there was no error in also excluding the receipt thus offered.

The judgment is affirmed, at the costs of the appellants.