Strong *et al. v.* The State, *ex rel.* Colvin, Trustee.

No. 7186.

STRONG ET AL. *v.* THE STATE, EX REL. COLVIN, TRUSTEE.

TOWNSHIP TRUSTEE.—*Action on Bond.—Civil and School Township.—Pleading.—Practice.—Amendment.—Misjoinder of Causes of Action.—*Where the original complaint in an action by a township trustee against his predecessor in office, upon his bond, sought only to recover money due the civil township, the subsequent filing of an additional paragraph of complaint, seeking to also recover money alleged to be due the school township, is a proper amendment, and does not amount to a misjoinder of separate causes of action.

SAME.—*Report.—Surety Not Bound Thereby.—*In such action the reformation of the report of the alleged defaulting trustee is not necessary to enable the sureties on his bond to avail themselves of any error therein prejudicial to their rights as such sureties.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager,* for appellants.
*L. Jordan, W. T. Jones* and *S. J. Wright,* for appellee.

NIBLACK, J.—This was an action by the State, on the relation of John H. Colvin, trustee of Taylor township in Harrison county, against Thomas Strong, a former trustee of that township, as principal, and Thompson Brown and Benjamin P. Douglass, as sureties, on the official bond of Strong as such trustee. Before issues were formed upon the complaint, Brown died, and the name of Margaret Brown, as his administratrix, was substituted in his stead.

The complaint was in two paragraphs. The first charged Strong with having received and having failed to pay over certain funds belonging to Taylor township, known as township funds.

The second charged that Strong had received and failed to account for certain school funds belonging to Taylor School Township, of which the relator was *ex officio,* also, trustee.

These two paragraphs comprised what was denominated the substituted or amended complaint in the action upon which the cause was tried. Upon the filing of the substituted complaint, the defendants raised the question of the

right of the relator to file the second paragraph, upon the theory that the original complaint was only for the recovery of funds belonging to the township under its ordinary municipal organization, sometimes known as the civil township, and that the filing of such second paragraph brought a new, incongruous and incompatible element into the case, amounting to an improper joinder of two distinct causes of action, but the court overruled the objection to the filing of that paragraph thus urged by the defendants.

The defendants then answered in several paragraphs. The sureties also filed a cross complaint, demanding the reformation of a report made by Strong during his term of office. A demurrer was sustained to the cross complaint, and, upon issues joined, the court tried the cause, finding that there were certain sums due the relator, as trustee of the civil township, under the first paragraph of the complaint, and that there were certain other larger sums due to him, as school trustee, under the second paragraph. Motions for a new trial and in arrest of judgment being first severally overruled, judgment was rendered in accordance with the findings. The defendants also objected, in different forms, to the rendition of any judgment upon the findings of the court, upon the same theory that they opposed the filing of the second paragraph of the substituted complaint.

Questions are either made, or attempted to be made, here :

1st. Upon the filing of second paragraph of the substituted complaint ;

2d. Upon the sustaining of the demurrer to the cross complaint ;

3d. Upon the refusal of the court to grant a new trial ;

4th. Upon the overruling of the motion in arrest of judgment ;

5th. Upon the rendition of the judgment, over the objections of the defendants, the appellants here.

The original complaint is not in the record. We have,

therefore, nothing before us showing that the second paragraph of the new complaint brought any new element into the cause. Conceding, however, that the original complaint was only for the recovery of money claimed to be due to the civil township, the addition of a paragraph, seeking, also, to recover money alleged to be due the school township, was a proper amendment, and did not, in any sense, amount to a misjoinder of distinct causes of action.

The propriety of such an amendment is, in legal effect, fully recognized by the case of *Steinmetz* v. *The State, ex rel.*, 47 Ind. 465, a case of accepted authority in this court. See, also, *Robinson* v. *The State, ex rel.*, 60 Ind. 26 ; *Inglis* v. *The State, ex rel.*, 61 Ind. 212.

No exception was reserved to the decision of the court sustaining the demurrer to the cross complaint; hence no question arises in this court upon that decision. Besides, upon the ruling in the case of *Ohning* v. *The City of Evansville*, 66 Ind. 59, the reformation of the report of Strong, as trustee, sought to be accomplished by the cross complaint, was not necessary to enable the sureties to avail themselves of any error existing in that report, prejudicial to their rights as such sureties.

The appellants have submitted no argument in support of any of the causes assigned for a new trial. Their objection, therefore, to the refusal of the court to grant a new trial is, under our practice, impliedly waived.

The only argument adduced in favor of the motion in arrest of judgment is addressed to the second paragraph of the complaint, and nothing is presented against the complaint, as a whole, upon the sufficiency of the facts stated in it. We are consequently justified in assuming, as we do, that the court correctly overruled the motion in arrest.

The objections urged against the rendition of the judgment were all based, in some way, upon the same theory as that upon which the appellants opposed the filing of the

second paragraph of the complaint—that is, upon the alleged misjoinder of separate causes of action. What we have said, therefore, in regard to the propriety of permitting that paragraph to be filed, is sufficient to sustain the judgment rendered by the court upon its findings under both paragraphs of the complaint.

The judgment is affirmed, with costs.