Filed March 6, 1884.

---

No. 10,471.

SEARCY ET AL. *v.* THE STATE, EX REL. HARRIS, TRUSTEE.

TOWNSHIP TRUSTEE.—*Conversion.*—*Suit on Bond.*—*Pleading.*—*Evidence.*— Suit on the bond of a township trustee, alleging for breach the conversion by him of a specified amount of each of several designated funds received. Answer, general denial and special paragraphs showing the amount of each fund actually received, under the bond, and expended, the aggregate expenditures of each exceeding the receipts.

*Held,* that the facts specially pleaded, if sufficient, were admissible under the general denial, and hence there was no error in sustaining demurrers to the special answers.

From the Switzerland Circuit Court.

*S. Carter, W. R. Johnson, F. M. Griffith* and *S. R. Downey,* for appellants.

*T. Livings* and *W. D. Ward,* for appellee.

ZOLLARS, J.—The relator, Harris, succeeded appellant Searcy as the trustee of Posey township, in Switzerland county, and as such successor instituted this action against Searcy and the other appellants, as his bondsmen and the representatives of his bondsmen. It is based upon his official bond as such trustee, approved on the 14th day of November, 1876.

The complaint charges Searcy with the receipt and conversion of $2,000 tuition revenue, $1,000 special school revenue, $500 township funds, $300 road funds, and $300 dog-tax fund.

Appellants filed a joint answer in six paragraphs, the first

being a general denial, and the fourth and sixth somewhat in the nature of counter-claims. A demurrer was sustained to the second, third and fifth paragraphs. It is upon this ruling that appellants ask a reversal of the judgment.

In the second paragraph the amount of each fund received and expended is stated, from which it appears that at the expiration of his term of office Searcy had on hand of the common school fund, township fund, road fund and dog-tax fund, $536.85. It is averred that of the expenditures on account of the several funds, $624.10 was not included in any of Searcy's reports to the board of commissioners. It is further averred that at the time Searcy entered upon the discharge of the duties of the office under the bond in suit, the special school fund was overdrawn in the sum of $640.46, and hence he received nothing of that fund from his predecessor.

It appears from this answer that, while acting under that bond, Searcy received of that fund $1,266.78, and expended $1,335.70. The theory of this answer seems to be that the $640.46 overdrawn by Searcy's predecessor should be added to the expenditures of this fund by Searcy, thus swelling his expenditure of the fund to $1,976.16, and thus leaving the fund overdrawn, at the end of his term, in the sum of $709.38; and that deducting the sum of the balances of the other funds on hand, he was entitled to the difference, viz., $172.53.

The substance of the third paragraph is, that in the report of Searcy to the board of commissioners in October, 1874, he erroneously charged himself with $830 of common school fund, which was carried forward in all subsequent reports; that he should not be charged therewith, and that it should be deducted from any amount that might be found due from him.

The fifth paragraph is, substantially, that on the 29th day of November, 1873, Searcy succeeded one Sutton as trustee of the township; that at the expiration of his term Sutton had on hands, of the several funds, $5,450, which, in the report to the board of commissioners, made by Searcy in March, 1873, was erroneously charged to him, although he had re-

ceived no portion of it; that this erroneous charge was carried into all of his subsequent reports, including those made while acting under the bond sued upon, and that the error was not discovered until after the expiration of his term.

It is apparent, from an examination of the answers, that the items of expenditure mentioned in the second paragraph as not having been included in Searcy's reports to the board of commissioners, are the same as those set up in the fourth paragraph. The demurrer was overruled as to this paragraph. As to those items, therefore, appellants were not injured by the sustaining of the demurrer to the second paragraph. As to these items, moreover, the second answer was defective, because it in no way appears from the averments therein that the expenditures were such as the trustee had a right to make. There are general averments of the expenditures, but for what specific purpose they were made is not stated. Bills of particulars are referred to as being filed with the answer as exhibits, but no such exhibits are found in the record. *Robinson* v. *State, ex rel.,* 60 Ind. 26.

We are unable to understand upon what theory, under the averments in the second answer, appellants can claim credit for the amount that the special school fund was overdrawn at the time Searcy entered upon the duties of the office under the bond in suit. If it were averred that he was his own successor, and came into his term under the bond in suit, with the special school fund overdrawn, possibly the case might be different. There are no such averments, and hence we decide nothing upon such a supposable state of facts. The averments are that the special school fund had been overdrawn $640.46, and that Searcy received nothing of that fund from his predecessor. Having thus received nothing, Searcy and his bondsmen, upon the bond in suit, are not liable for the amount overdrawn by the predecessor, nor are they entitled to a credit for the amount so overdrawn. They are chargeable with the whole amount received by him while acting under the bond sued upon, and are entitled to a

Searcy *et al. v.* The State, *ex rel.* Harris, Trustee.

credit for the whole amount properly expended. It appears from this answer, that while acting under this bond, Searcy received of the special school fund $1,266.78, and expended $1,335.70. For what purpose the amount of expenditure over the receipts was made, does not appear. There is no way of knowing from this answer whether it was for a proper and lawful, purpose or the contrary. This surplus expenditure is a part of the sum not included in Searcy's report to the board of commissioners, and, as already stated, is set up in the fourth answer. It should be noticed too, that this second paragraph is an answer, and not a counter-claim or set-off. In any view that can be taken of this answer, it can not be said that the sustaining of the demurrer to it is an available error.

If it should be conceded that there was error in sustaining the demurrer to the several answers, it was clearly a harmless error, as evidence of the facts set up therein was clearly admissible under the general denial. The complaint charges Searcy with the receipt and conversion of stated amounts of the several funds named. Whether he did so receive and convert the several amounts is the issue tendered by the complaint. Neither the action nor defence is founded upon his reports to the board of commissioners. It is not a case, therefore, for the reformation of written instruments, in order that proper relief may be granted, or a proper defence made. The reports are competent evidence, but they are not conclusive against either party.

Appellants could avail themselves of any error existing therein prejudicial to their rights without a reformation, and without pleading mistakes. Such have been the later rulings of this court, and they are in consonance with the spirit of the statute. Sections 5811, 5812, R. S. 1881 ; *Hunt* v. *State, ex rel., ante,* p. 311 ; *Strong* v. *State, ex rel.,* 75 Ind. 440 ; *Lowry* v. *State, ex rel.,* 64 Ind. 421.

The burden being upon appellee to establish the amount of money received and converted, any evidence on the part

Searcy *et al.* v. The State, *ex rel.* Harris, Trustee.

of appellants, that would meet and overthrow, or tend to overthrow, the case made by appellee, was admissible under the general denial. Hence, under the general denial, they might show the correct amount actually received, whether it was correctly stated in the reports or not. If, in the reports, by mistake or otherwise, Searcy was charged with more money than he received, that could be shown. And so, too, we know of no reason why they might not, under the general denial, show the correct amount properly expended, and thus refute the charge of conversion.

In the case of *Reagan* v. *Long's Administratrix*, 21 Ind. 264, it was held that, under the general denial, an executor *de son tort* may show the expenditure and disposition of money and property with which he is charged. The same rule is recognized in the case of *Leach* v. *Prebster*, 35 Ind. 415. In the first case above the court says: "The plaintiff, in actions like the present, where the damages are indefinite, has two points to prove, viz.: a cause of action to a nominal amount at least, and the amount of damages beyond that sum. These questions arise on the general denial. Hence, as the plaintiff must prove these points on the general denial, the defendant may give evidence tending to disprove them. In this case, if the defendant had not converted the goods to his own use, but to the use of the plaintiff, she had not been damnified in the amount of their value by such conversion." This may be very properly applied to the case in hearing. If Searcy did not receive the amount of money with which he is charged, or if he properly expended the amount received, and did not convert it to his own use, appellee is not entitled to a recovery upon the bond. That he did not receive the amount with which he is charged, and did not convert to his own use the amount received, are the negatives of the propositions which appellee was bound to prove, and hence the proof of these negatives was admissible under the general denial. See the cases of *Sparks* v. *Heritage*, 45 Ind.

66; *Kennedy* v. *Shaw*, 38 Ind. 474; *Hunter* v. *Mathias*, 40 Ind. 356; *Allis* v. *Nanson*, 41 Ind. 154.

It is hardly necessary to cite the cases in support of the proposition that the sustaining of a demurrer to an answer is not an available error when proof of the facts set up in such answer is admissible under the general denial which is in. See *Ketcham* v. *Brazil Block Coal Co.*, 88 Ind. 515.

Whether appellants were in fact denied the right of introducing proof of the facts specially pleaded, we have no means of knowing from the record before us, as it contains neither the evidence, nor anything to indicate what evidence was admitted or excluded.

As we find no error in the record on account of which the judgment should be reversed, it is affirmed with costs.

