JOHNSON and Others *v.* HARRIS and Another.

If a bond, payable "to the trustees or their successors in office," be the property of a congressional township, the suit on it must be in the corporate name of the township.

ERROR to the *Owen* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced in *October*, 1831. The declaration states, that *John Johnson*, *Thomas Harvey*, and *Samuel Scott*, trustees of school township number 9, in *Franklin* township, &c. complain of *Daniel Harris* and *Gabriel Johnson*, of a plea, &c. In describing the cause of action, the declaration states that the defendants, on the 27th of *November*, 1830, by their writing obligatory, promised to pay the trustees, (meaning the plaintiffs,) or their successors in office, (meaning the successors in office of the plaintiffs,) 156 dollars, &c. The declaration then avers, that the plaintiffs are the trustees to whom the note was made payable. The breach assigned is, that the money has not been paid to the plaintiffs. The obligation, as read on *oyer*, is as follows:—" Six months after date, for value received, we promise to pay the trustees, or their successors in office, 156 dollars and 20 cents, as witness our hands and seals. *Franklin* township, *November* 27, 1830.— *Daniel Harris*, [L. S.] *Gabriel Johnson*, [L. S.]" The defendants demurred to the declaration; the demurrer was sustained; and judgment was rendered for the defendants.

The declaration describes the plaintiffs as the trustees of the township. It states that by the words, "trustees and their successors in office," inserted in the bond, were meant the plaintiffs and the successors in office of the plaintiffs. It states, also, that the plaintiffs are the trustees to whom the bond is payable. According to these allegations, the bond is not the property of the plaintiffs—*John Johnson*, *Thomas Harvey*, and *Samuel Scott*, trustees of the township; but it belongs to the township itself, of which the plaintiffs are alleged to be the trustees. This township is a corporate body. The act of incorporation says, "That each congressional township within this state, shall be a body politic and corporate, by the name and style of the 'Trustees of school township number —;' and in its corporate

May Term, 1834.

name and capacity may sue and be sued," &c. Rev. Code, 1831, p. 463.

As the bond belongs to the township, and as the township is competent to sue, this action should have been brought in the corporate name of the township. The money due to a corporation may be received and receipted for by its authorised agent; but it can only be sued for in the name of the corporation. The present suit is not in that name. The plaintiffs here are—*John Johnson*, *Thomas Harvey*, and *Samuel Scott*, trustees of school township number 9. That is not the name of the corporation. Its name is simply, "Trustees of school township number 9." Suppose the corporate name had continued to be what it was under the act of 1824, viz. "Township number 9, range —," it is obvious that *A.*, *B.*, and *C.*, trustees of school township, &c. could not be recognized as the name of the corporation. The circumstance, that the corporate name, instead of being "Township number 9," is "Trustees of school township number 9," can make no difference. *A.*, *B.*, and *C.*, trustees of the township, is no more the name of the corporation in the one case than it would have been in the other.

The declaration before us shows that the money, for the recovery of which the action is brought, is due to a congressional township; but that the action is not brought in the corporate name of the township. The declaration is therefore bad, and the demurrer to it was correctly sustained by the Circuit Court.

*Per Curiam.*—The judgment is affirmed with costs.

*I. Naylor*, for the plaintiffs.

*C. P. Hester*, for the defendants.