*J. B. Sleeth*, for the plaintiff.

---

THE STATE, on the Relation, &c., v. VOTAW and Others.

In debt on bond conditioned for the performance of duties, it is not necessary to
set out the condition and assign breaches in the declaration.

In a suit on the bond of the treasurer of *Jay* county for not paying over to the
treasurer of *Blackford* county a certain part of the surplus revenue under the
act of 1844, it was held that the assignment of the breach should show that
means had come into the hands of the treasurer of *Jay* county enabling him
to comply with the law, and that a specified sum had been demanded of him
at the proper place.

May Term,
1846.

THE STATE
v.
VOTAW.

Monday,
May 25.

Such suit may be brought on the relation of the county treasurer.

The surplus revenue received by a county is not the property of the county.

The legislature may, on the division of a county, divide the property of the county.

APPEAL from the *Jay* Circuit Court.

PERKINS, J.—Debt on the official bond of a county treasurer. The declaration contains two counts; the first as upon a common bond; the second upon the bond, setting out the condition and assigning a breach. The defendants craved and obtained *oyer* of the bond and condition, and demurred specially to each count. The Court sustained the demurrers and rendered final judgment for the defendants.

The causes of demurrer set down to the first count are, that it does not set out the condition of the bond and assign breaches; and that there is a variance between the bond declared on and that shown on *oyer*. The first cause has been held insufficient by this Court. *Brown et al.* v. *Hart*, 7 Blackf. 429 (1). As to the variance, it is not pointed out, and we have been able to discover none material. The Court erred in sustaining the demurrer to the first count.

The condition of the bond described in the second count is, "That if the above bound *Jonas Votaw*, treasurer of *Jay* county, shall faithfully perform the duties of his office connected with the surplus revenue, three per cent., and county seminary funds, and pay over to the persons entitled thereto the said funds which may come to his hands, and transfer to his successor in office all moneys, books, and papers relating thereto, then the above obligation to be void," &c.

In assigning the breach of this condition, it is alleged that in 1844, the legislature of this state passed an act, approved the 15th of *January* of that year, the preamble to which recites that *Jay* county received 2,116 dollars of the surplus revenue; that, subsequently, *Blackford* county was formed out of a part of the territory of *Jay*, and thereupon became entitled to a part of said sum of money; and that by section first of said act, it is enacted that the treasurer of *Jay* county shall pay, on demand, to the treasurer of *Blackford* county, such amount of said sum of 2,116 dollars as the county of *Blackford* shall be entitled to, taking as the *data* of division between the two counties, the number of polls returned for

May Term,
1846.

THE STATE
v.
VOTAW.

1843. The count then avers that, on, &c., at, &c., being before the commencement of this suit, the relator, treasurer of *Blackford* county, did demand of the said *Jonas Votaw*, treasurer of *Jay* county, such amount of the said sum of 2,116 dollars as the said county of *Blackford* was entitled to, taking as the *data* of division the number of polls returned for 1843; yet the said *Votaw*, still being treasurer as aforesaid, refused to pay, &c. The causes of demurrer to this count are, that it does not show that means came to the hands of the treasurer sued, enabling him to comply with the requisitions of the law; and that it does not aver a sufficient demand, inasmuch as it does not show what or that any specified sum was demanded, nor where the demand was made. These objections are well taken. The pleading does not possess sufficient certainty. The demurrer was rightly sustained to the second count.

Two general objections, not noticed among the causes of demurrer, are urged by the counsel for the defendants to the maintenance of this suit.

They insist that the suit should have been instituted on the relation of the county commissioners, and not on that of the treasurer. The R. S. of 1843 require suits on official bonds to be brought on the relation of the person for whose use they are prosecuted; chapt. 40, sect. 132; and the question is, for whose use is the present suit? This point presents an apparent difficulty. The general property in the surplus revenue fund is in the *United States*. Act of Congress, *June* 23, 1836. The state holds it as a depositary, and has, in turn, placed it in the hands of agents in the different counties of the state to be loaned, on obligations payable to the state, to such of the inhabitants of the counties as may comply with the requisitions necessary to obtain it. The county commissioners, as such, have no right to this fund, and were the treasurer an incompetent relator, they could not be his substitute. The county treasurer, under the law, as an agent of the state, has a possessory right to this fund, and a beneficial interest in it, in the commission allowed him as a compensation for his agency. We think the suit properly brought on his relation, and may be regarded as for his use. 1 Chitt. Pl. 7.

The next objection is, that *Jay* county had a vested right in this money, which the act of the legislature could not take away. The above remarks show that the portion of surplus revenue received by *Jay* county, was no part of the public property of the county, as such; and that if any vested right attached to it, it was in the people of the county; and it would seem to follow as a necessary consequence, that on the division of the territory and people of that county, each part would retain its vested right in an equitable portion of the common fund. But it is not necessary to place the answer to the objection on this ground. The law is well settled that upon the division of a county by the legislature, it may also divide the corporate property. *Hartford Bridge Co.* v. *East Hartford,* 16 Conn. R. 149.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Smith,* for the appellant.

*W. March, W. Quarles,* and *J. H. Bradley,* for the appellees.

(1) The breaches in such cases must now be assigned in the declaration. Acts of 1847, p. 112.