*S. Major,* for the appellee.

---

DISHON and Others *v.* THE STATE, on the Relation of Mc-Cracken, Trustee, etc.

In actions upon the official bonds of township trustees, for failing to pay over to their successors in office the money of the township in their hands, the State, on the relation of the person who is trustee at the time suit is begun, is the proper party plaintiff.

APPEAL from the *Orange* Common Pleas.

HANNA, J.—Suit against *Dishon,* a former trustee of the township, and his sureties, on his official bond. Alleged breach, a failure to pay to his successor, the relator, certain moneys alleged to be in his hands.

Demurrer, assigning, 1. That there was not a proper party plaintiff, nor any proper relator. 2. That it does not state facts, etc. This was overruled.

Is there a proper party plaintiff?

The trustee is the treasurer of the township. Acts 1859, p. 222. He receives and disburses the moneys of the township, and, at the expiration of his term of service it is made his duty (*Id.,* sec. 12) to pay over to his successor all moneys in his hands, belonging to his township. If he fails

to do so, we suppose that his successor can cause suit to be instituted in the name of the State, on his relation, because the official bond is payable to the State. *The State* v. *Votaw*, 8 Blackf. 4.

It is urged, that no suit could be brought against a trustee, without an order, to that effect, by the board of county commissioners. We are referred to p. 70, sec. 7, Acts 1841. We do not think this statute applies. It has reference specially to school funds, acts in regard thereto, and special orders that may be made, upon examinations therein provided for. It is shown in this complaint that the alleged defalcation had occurred because of a failure on the part of the outgoing trustee to settle with, and pay over to the incoming trustee, as required by law. This was a general breach of his official bond, upon which it became the duty of his successor to seek to save the funds, and protect the interests of the people of the township.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages and costs.

*A. J. Simpson*, for the appellants.

*M. S. Mavity*, for the appellee.