*J. Schwartz,* for appellee.

———————————◆———————————

## Morback and Others *v.* The State, on the Relation of Jackson Township, Ripley County.

PLEADING.—*Township Trustee.—Suit on Official Bond.*—In an action on the official bond of a township trustee, on the relation of the township, to recover a certain amount of school money belonging to the township, which said trustee had refused to pay over to his successor in office, the complaint failed to allege that said trustee, as such, had received any money which he had not expended according to law, and which he had in his hands when he went out of office.

*Held,* that for want of such an averment, the complaint was bad on demurrer.

APPEAL from the Ripley Circuit Court.

BUSKIRK, J.—The appellee commenced an action in the court below, against the appellants, on the official bond of Morback, as trustee of Jackson township, in Ripley county, to recover a certain sum of school money which it is alleged belonged to the said township, and which the said trustee had refused on proper demand to pay over to his successor in office. The other appellants are the sureties of the said Morback.

The complaint alleges that Morback was duly elected trustee of said township, and gave bond, which is filed with the complaint, took the oath of office, and entered upon the discharge of the duties of such office. The complaint then assigns the following breach of the condition of the said bond:

"Said plaintiff or relator avers that during the term aforesaid, while the said Morback was the acting trustee of said Jackson township, as aforesaid, the sum of one thousand five

hundred and sixty-four dollars and twenty-six cents in cash, of the school money belonging to the said township, as follows, to wit: seven hundred and ninety-seven dollars and fifty-three cents of the school fund, and seven hundred and sixty-six dollars and seventy-three cents of special school funds. All of which money as aforesaid the said Nicholas Morback wholly failed, neglected, and refused to pay over to his successor in said office, John W. Newman, and still refuses, although often requested so to do by the said Newman; wherefore," &c.

The appellant demurred to the complaint. The demurrer was overruled, and an exception was taken to such ruling. The appellant filed an answer in one paragraph, to which the appellee demurred. The demurrer was sustained, but no exception was taken to the ruling of the court. The appellant refused to answer further. There was a trial by the court, by agreement of the parties, and a finding and judgment for appellee.

The overruling of the demurrer to the complaint is assigned for error, and this is the only question submitted for our decision. We think it is quite clear that the court erred in overruling the demurrer to the complaint. This was an action on the official bond of a township trustee. Neither the trustee nor his sureties would be liable, unless it was alleged and proved that money belonging to the township had come into the hands of the trustee for which he failed properly to account. There is no allegation in the complaint that any money ever came into the hands of the appellant Morback, as such trustee. It may be a mistake in the draftsman of the complaint, or it may have occurred in copying the complaint into the transcript. But however it occurred, there is no such allegation. The appellee has not favored us with a brief, or asked to have the record corrected. We have to decide the case upon the record before us. It is an essential allegation, and its omission is fatal.

Besides, we do not think the assignment of the breach is broad enough, even if it had been shown that he had received the money. The trustee of a township is required by

law to expend the school funds coming into his hands, and to make a settlement with the board of commissioners. There is no averment that he had not lawfully paid out the money. The trustee was not required to pay over the money to his successor, unless it was alleged that he had received money and had not paid the same out according to law. His refusal to pay to his successor constituted no breach of the condition of his bond, unless it was alleged that he had received money, which he had failed to expend according to law, and had the money in his hands when he went out of office. For the error of the court in overruling the demurrer to the complaint, the judgment must be reversed.

Judgment reversed, with costs, and cause remanded, with directions to the court below to award a new trial, and to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

*H. W. Harrington* and *M. K. Rosebrough,* for appellants.
*E. P. Ferris* and *H. T. Lipperd,* for appellee.