McILWAINE, TRUSTEE OF WASHINGTON TOWNSHIP, NEWTON COUNTY, *v.* ADAMS ET AL.

APPEAL.—*Assignment of Errors.—Title of Action.—Township Trustee.*—In an action against a township trustee, upon a note executed by him as township trustee, a judgment was rendered against the township. Upon appeal to the Supreme Court, the entitling of the cause in the assignment of errors embraced the names of both the township and trustee as appellants, but the body of the assignment named the trustee only. as complaining of error.

*Held*, that the assignment of errors was not by the township, but by the trustee.

*Held*, also, that there was no judgment against the trustee from which he could appeal; and the appeal was dismissed on motion.

TOWNSHIP.—*Corporation.*—By the statute townships are corporations.

From the Newton Common Pleas.

*W. H. Martin*, *C. H. Test*, and *D. V. Burns*, for appellant.

*J. R. Troxell*, for appellees.

WORDEN, C. J.—The appellees sued the appellant as trustee, etc., upon an instrument of which the following is a copy:

"$135. KENTLAND, IND., July 11th, 1870.

" The treasurer of Washington township, Newton county, State of Indiana, will pay to D. M. Marsh, Indianapolis, Indiana, one hundred and thirty-five dollars, with interest from date of shipment, for one hundred and fifty copies of Rice's Manual of Devotion, bound in cloth, payable July 1st, 1871, at Treasurer's office, Kentland, Indiana.

(Signed) ." DAVID MARTIN, Township Trustee."

The plaintiffs held the instrument by assignment from the payee.

The defendant demurred to the complaint for want of sufficient facts, but the demurrer was overruled, and exception taken. The defendant failing to answer, judgment was rendered in favor of the plaintiffs, not against the defendant either in his personal or official capacity, but against the township.

The following is the assignment of error.

." Oliver G. McIlwaine, Trustee of Washington Township, Newton County, Indiana, and Washington Township, Newton county, Indiana, *v.* John R. Asher, George H. Adams, and Charles J. Higgins.

"Comes now the above named Oliver J. McIlwaine, as trustee of the township of Washington, in the county of Newton, and State of Indiana, and says there is manifest error in the foregoing record and proceedings of the court below, in this, that said court erred in overruling appellant's demurrer to the complaint of appellees, and in rendering judgment against appellant, the said township, for the reason that the complaint does not contain sufficient facts to constitute a cause of action against her ; wherefore he prays that this cause be in all things reversed."

We are met at the threshold of the case here with a motion by the appellees to dismiss the appeal, because there was no judgment below against the appellant; and this motion must, in our opinion, prevail. We therefore do not decide whether Martin as trustee had power to bind the township by the instrument sued on. If he had not, then he

alone, if any one, is liable. If the township is bound, then the latter should have been sued in her corporate name.

The statute (1 G. & H. 637, sec. 4) provides, that "each and every township, that now is, or may hereafter be organized in any county in this State, is hereby declared a body politic and corporate, by the name and style of ———— township of ———— county, according to the name of the township and county in which the same may be organized, and by such name may contract and be contracted with, sue and be sued in any court having competent jurisdiction." See, also, 1 G. & H. 570, sec. 1.

The township, as we have seen, was not sued in this case, but the appellant as trustee thereof. We decide nothing as to the validity of the judgment against the township, as she is not here asking a reversal. As before stated, there is no judgment against the appellant, McIlwaine, from which he can appeal. His appeal must therefore be dismissed.

The entitling of the cause here in the assignment of errors embraces the name of the township as an appellant, as well as that of McIlwaine, but the body of the assignment shows that McIlwaine only, and not the township, complains of error.

The appeal is dismissed, with costs.