### STEINMETZ ET AL. *v.* THE STATE, EX REL. BRICKA.

OFFICIAL BOND.—*Township Trustee.*—A township trustee may be the relator in a suit upon the official bond of his predecessor, to recover moneys due the civil township, and also moneys due the school township; and under a proper complaint there may be a recovery for funds of either or both of the corporations; but on a complaint in which he sues only as trustee of the civil township, he can not recover money due to the school township.

BILL OF EXCEPTIONS.—*Motion.*—A ruling on a motion to dismiss an action as to some of the defendants can not be considered on appeal to the Supreme Court, unless saved by a bill of exceptions.

JUDGMENT.—*Administrator.*—When the demand in suit is against an administrator on a cause of action against the estate of his decedent, the judgment should be made payable out of the assets of the estate, and not be rendered against the administrator personally.

SAME.—The circumstance that there are other defendants does not change the liability of the administrator. In such case separate judgments may be rendered.

From the Ripley Common Pleas.

*E. P. Ferris*, for appellants.

DOWNEY, J.—This was an action by the appellee against the appellants on the official bond of a township trustee. On the 11th day of October, 1870, Melvin N. Swift was

elected trustee, and on the 20th of the same month executed the bond with Jacob Steinmetz and Joseph Wolf as his sureties. Some time in 1871, Swift departed this life, and it is alleged that he then had in his hands the sum of three hundred and forty-four dollars and thirty-six cents, money then belonging to the township, which he had received as such trustee; that one Abbott became and was the executor of the will of Swift, and as such took possession of all the effects of said deceased, together with all the money belonging to said township, and all the books, papers, and vouchers in the hands of the said deceased trustee; that afterward, in 1871, the relator was appointed as trustee to fill the vacancy by the county auditor; that afterward, in 1871, Abbott declined to act further as such executor of Swift, and one Demosthenes Swift was duly appointed in his place and took into his possession the estate of said deceased, together with all the books, papers, vouchers, money, and other property of and belonging to the township so in the hands of the said deceased; that immediately after his appointment as such trustee, and before the commencement of this suit, the relator demanded of said Abbott the said sum of three hundred and forty-four dollars and thirty-six cents so taken and still in his hands, which was refused by Abbott, who, with due notice, paid the same over to his successor, the said Demosthenes Swift. It is alleged that a similar demand was made of said Demosthenes Swift after his appointment as such executor, and that he also refused to pay the same.

It is then alleged, that afterward, in 1871, said Joseph Wolf died, and that Robert H. Richardson was duly appointed as the administrator of his estate.

It is further stated, that in October, 1872, the relator was elected to the said office of township trustee, and qualified as such; and that he notified Steinmetz and Richardson that the said sum of money remained unpaid, and demanded the same of them, but all and each of the defendants refused to pay the same.

The condition of the bond is then set forth as follows, after reciting the election of Swift:

" Now if the said Melvin N. Swift shall well and faithfully discharge the duties of said office according to law, shall faithfully collect and receive all moneys belonging to said township, expend the same as required by law for township, road, school, and school-house purposes, correctly account to the Board of Commissioners of Ripley County, at the March term, for all receipts and expenditures for township money, and shall promptly deliver up to his successor in office all books, papers, and vouchers belonging to the said township, then the above obligation to be null and void, else to remain in full force and virtue in law."

Formal breaches of the condition of the bond are then assigned in the following words:

" And plaintiff assigns the following breaches in the condition of said official bond, to wit: That the said Melvin N. Swift, trustee as aforesaid, did not well and faithfully discharge the duties of his said office according to law; that he did not faithfully collect and receive all moneys belonging to the said township and expend the same as required by law for township, road, school, and school-house purposes, and that his sureties, nor executors, at the time of the death of the said Melvin N. Swift, did not promptly deliver up to his successor in office all moneys, books, papers, and vouchers belonging to the township; wherefore," etc.

The action was against Steinmetz, Demosthenes Swift, Richardson, and Abbott.

A demurrer by Abbott to the complaint was sustained by the court, and he went out of the case. This was clearly right, and of it there is no complaint. Swift, Steinmetz, and Richardson demurred separately to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and their demurrers were overruled.

The defendants then answered in four paragraphs, as follows:

1. A general denial.

2. Payment by Melvin N. Swift, the deceased trustee, in his lifetime.

3. Payment by the defendants.

4. Set-off in the sum of three hundred dollars for services of said deceased as such trustee, and in the sum of two hundred dollars for money advanced by him on the indebtedness of the township out of his own money, and in the sum of one hundred dollars road-tax fund advanced by the deceased out of his own money, which sums were over and above all moneys of those funds which ever came to his hands, and one hundred dollars dog-tax fund advanced by the deceased for the township of his own money. Which amounts he asked to set off to the amount of the plaintiff's claim, and demanded judgment for three hundred dollars, the residue.

After a motion to strike out and a demurrer to the fourth paragraph of the answer, the plaintiff replied to the second, third, and fourth paragraphs thereof.

There was a trial of the issues by the court and a special finding and conclusions of law as follows:

"That there was in the hands of said Melvin N. Swift, at the time of his death, undisposed of, the following funds which he received in his lifetime as the trustee of said township:

| | |
|---|---:|
| Common school or tuition fund, - - | $247.98 |
| Special school fund, - - - - | 125.97 |
| Township fund, - - - . - | 83.68 |
| Dog fund, - - - - - | 43.10 |

"The court further finds that the township was indebted to the said Melvin Swift, at the time of his death, in the sum of forty-five dollars, for services as trustee to the time of his death, and the further sum of one hundred and nine dollars and thirty-four cents; and the relator consents that the said two amounts above shall be allowed in this action in reduction of the claim of said relator."

The special finding then proceeds to say:

"Thereupon the defendants each separately and together move the court for a judgment against the civil township for

the sum of twenty-seven dollars and fifty-six cents and costs, for the reason that, the suit being brought in the name of the trustee of the civil township, and not for school purposes, a judgment can not be rendered in favor of the plaintiff in this action. The court overruled the motion. Defendants except. The court finds, as a conclusion of law from the above facts, that the plaintiff is entitled to a judgment against the defendants for the sum of three hundred and forty-six dollars and thirty-nine cents. To the conclusion of law the defendants separately and together except."

The special finding is signed by the judge. Judgment was rendered by the court against all the defendants except David B. Abbott, for the sum above found to be due, with costs, and in form to be levied *de bonis propriis* as to all the defendants.

The first question presented relates to the sufficiency of the complaint. While the pleader was not fortunate in the form adopted, still we think the substance of a good cause of action is set out therein. We are of the opinion that in an action on such bond the township trustee can be the relator. *Dishon* v. *The State, etc.*, 19 Ind. 255. He acts as an officer of both the civil and the school townships. In such an action under a proper complaint, there may be a recovery for funds of either or both of the corporations. We do not see any good purpose which would be served in requiring two actions on the bond, one for the funds belonging to each of the corporations. In this case, in form, the action is on the relation of the trustee of the civil township. Nothing is said about the school township. It is alleged that the deceased trustee had in his hands at the time of his decease a certain sum of money belonging to the township, by which we must understand the civil township; and it is alleged that a demand was made upon the executor of the deceased trustee and upon the surviving surety, and the administrator of the deceased surety, for the payment of this sum before the action was brought. If it should have been stated to what particular funds the money belonged, we think this was not a cause

of demurrer but a ground on which a bill of particulars might have been demanded. The allegations, in substance, show that there was a cause of action on the bond, and this without reference to the special breaches assigned.

A question is discussed with reference to the overruling of a motion to dismiss the action as to Demosthenes Swift and Richardson, because the cause of action is a claim which should have been filed against the estates which they represent. This question is not presented by a bill of exceptions and can not be decided by us. But see *Stanford* v. *Stanford*, 42 Ind. 485, and cases cited.

Next as to the conclusion of law. In this we think the court committed an error. There was nothing in the complaint which authorized a recovery for money due the school township. As we have already remarked, we regard the complaint as on the relation of the trustee as trustee of the civil township. The corporations are separate and distinct, and the money of one can not be recovered in an action brought solely to recover money due to the other. *Heizer* v. *Yohn*, 37 Ind. 415 ; *Carmichael* v. *Lawrence*, *post*, p. 554.

In our opinion, the judgment against the executor of the deceased trustee and the administrator of the deceased surety should have been payable out of the assets of the estate in their hands, and constituted a claim against the estates respectively to be paid in course of administration, and not *de bonis propriis*. The court might have rendered separate judgments.

We suggest, for the reason that the .question may not be before us for decision, whether the indebtedness of the township to the deceased trustee can be deducted generally from the funds in his hands.

We doubt whether the facts found by the court justified judgment for any amount against the defendants. It seems to us that there were essential facts which the court did not find, and there was no general finding.

The judgment is reversed, with costs, and the cause remanded, for further proceedings.