## HAWTHORN ET AL. *v.* THE STATE, EX REL. JOHNSON TOWNSHIP.

PLEADING.—*Complaint on Bond of Township Trustee.—Parties.*—Complaint on the bond of a township trustee, alleging that there was in the trustee's hands, at the expiration of his term of office, and received by him as such trustee, belonging to the school fund of the township, a certain sum of money, and that the same had not been used for the purposes for which

such funds were intended, except a certain amount, and that he had failed to pay the same over to his successor in office.

*Held*, that the complaint assigned but one breach of the bond, the failure of the trustee to pay to his successor.

*Held*, also, that the complaint was bad, for not alleging that the defendant's term of office had expired, and that his successor had been elected.

*Held*, also, that the action upon such bond should have been brought in the name of the State, on the relation of the defendant's successor in office, and not on the relation of the township.

From the Ripley Common Pleas.

*E. P. Ferris*, for appellants.

*W. D. Ward, J. O. Cravens*, and *J. B. Rebuck*, for appellee.

BUSKIRK, C. J.—This was an action by the State, on the relation of Johnson township, Ripley county, Indiana, for the use of the school fund, against John M. Stewart and his sureties, on his bond as township trustee.

There was issue, trial by the court, finding for the plaintiff, and, over motion for a new trial, judgment on the finding.

The appellants have assigned for error, overruling a demurrer to the complaint, sustaining a demurrer to the first paragraph of the answer, and overruling the motion for a new trial

The first objection urged to the complaint is, that the breach assigned is insufficient. The assignment of the breach of the condition of the bond is as follows:

"And plaintiff alleges, as a breach of the said bond, that there was in the hands of the said trustee, at the expiration of his term of office, and received by him as such trustee, belonging to the school fund of said township, the following sums, to wit: to the common school fund, the sum of one thousand eight hundred and thirty-eight dollars and thirty-four cents, and to the special school fund the sum of six hundred and forty-two dollars and twenty-four cents; in all, the sum of two thousand four hundred and eighty dollars and fifty-eight cents; and that the said sum of two thousand four hundred and eighty dollars and fifty-eight cents is still in the hands of said trustee, and has not been used for the purpose or purposes for which the said funds were intended, except the sum of one

thousand one hundred and forty dollars and twenty-three cents, as per exhibit ' B ;' and the said trustee has failed and refused, and still fails and refuses, to pay over to his successor in office the said sum of money or any part thereof, though often requested so to do."

Counsel for appellant treats the above as containing two breaches:

1. That the trustee had the money in his hands, and had not paid the same out, without alleging that there was any purpose for which the same should have been paid out.

It is argued that the allegation that the trustee had the money in his hands constituted no breach of the bond, without showing that he had refused to pay it out when legally required so to do. The objection would be well taken if this could be regarded as a separate and independent breach, but we think it can not be so regarded. In our opinion, there is but one breach of the bond assigned. The complaint alleges that at the expiration of his term of office he had in his hands the sum of two thousand four hundred and eighty dollars and fifty-eight cents; that he still retained said sum except one thousand one hundred and forty dollars and twenty-three cents, which he paid out as per exhibit " B," and that he had failed and refused to pay the money so in his hands to his successor in office. We think the only breach assigned is the failure and refusal of Stewart to pay to his successor the money in his hands which belonged to the township.

It is next urged that the complaint is defective, because there is no direct averment that Stewart's term of office had expired, and that a successor had been elected and qualified. There are no direct averments covering these points. It is alleged by way of recital that when Stewart's term of office expired he had in his hands a certain sum of money, which he had failed and refused to pay to his successor. If it had been averred as substantive facts, that his term of office had expired, and that a successor had been elected, the recital in a subsequent part of the complaint, that when his term expired he

.had so much money which he had failed to pay to his successor, would have been good, but standing alone it is defective.

The last objection urged to the complaint is, that the action is not brought upon the proper relation. The action is brought upon the relation of the civil township. It was held by this court, in *Dishon* v. *The State, ex rel. McCracken,* 19 Ind. 255, that an action upon the official bond of a town-ship trustee should be brought in the name of the State, on the relation of his successor in office. Conceding, without decid-ing, that where there is no successor, an action might be brought in the name of the township, it should be brought on the relation of the school township, if the purpose was to recover money belonging to the school township. See *Stein-metz* v. *The State,* 47 Ind. 465.

We think the action should have been brought on the rela-tion of the township trustee, the successor of Stewart, and that the court erred in overruling the demurrer to the complaint.

There are other questions in the record, which are discussed with marked ability, but we have concluded that it would not be proper to consider and decide them until there is a proper relator, and the complaint is made good in other respects.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint.