Inglis *et al. v.* The State, *ex rel.* Hughes, Trus. Van Buren T'p, Madison Co.

INGLIS ET AL. *v.* THE STATE, EX REL. HUGHES, TRUSTEE OF VAN BUREN TOWNSHIP, MADISON COUNTY

TOWNSHIP, CIVIL AND SCHOOL.—*Trustee.*—*Bond.*—A township embraces two distinct corporations, to wit, the civil township and the school township, existing within the same territory and having the same trustee, who is bound by a single official bond.

SAME.—*Action on Bond.*—*Relator.*—*Joint Recovery for Different Funds.*—*Breach.* —*Judicial Notice.*—*Demurrer.*— *Uncertainty.*—*Bill of Particulars.*—In an action on the relation of one described as "the trustee of" a certain township, on the official bond of his predecessor, the complaint alleged, that such predecessor had defaulted, at the expiration of his term, in paying over to the relator moneys in his hands belonging to the township, road, school and school-house funds, amounting to a certain sum, but failed to specify the amount due to each fund separately.

*Held,* on demurrer, that the breach alleged is sufficient, that the courts of this State take judicial notice that the trustee of the civil is also trustee of the school township, and that the designation of the relator's official character is sufficient to enable a recovery to be had on account of all of such funds.

*Held,* also, that uncertainty in failing to designate separately the amount due to each fund can not be reached by demurrer, but only by a motion to make certain or for a bill of particulars.

SAME.—*Bailee.*—*Liability for Loss of Funds.*—*School Superintendent.*—*County Commissioners.*—A township trustee is not a mere bailee of the funds of his township, but is absolutely liable for a loss thereof, under any circumstances; and, in an action on his bond for such funds, it is no defence that he had deposited the same in a solvent bank of deposit which had afterward, during such deposit, become insolvent, though such deposit was made pursuant to the advice of the State and County Superintendent of common schools, or of the board of county commissioners.

SAME.—*Action Instituted Without Request of County Commissioners.*—An action, on the relation of a township trustee, on the bond of a defaulting predecessor, may be instituted without the request or direction of the board of county commissioners.

PRACTICE.—*Trial Without Issue.*— *Waiver.*—Where a party alleging affirmative matter goes into trial without requiring an issue to be formed thereon, he thereby waives the want of an issue.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

WORDEN, J.—This was an action by the State of Indiana, upon the relation of William F. Hughes, trustee of

Van Buren township, county of Madison, and State of Indiana, against the appellants, upon the official bond of Inglis, as trustee of said township.

It appears by the complaint, that Inglis was elected to the office of trustee of the township on October 8th, 1872, and executed the bond sued on, which is in the ordinary form of such official bonds, and its contents need not be further noticed. It also appears, that the relator, on the 13th of October, 1874, was elected to said office as the successor of said Inglis. The following allegations are contained in the complaint:

"And the relator says, that said Alexander Inglis did not faithfully discharge the duties of said office, and did not faithfully collect and receive all moneys belonging to said township and expend the same, as required by law, for township, road, school and school-house purposes, and correctly account to the board of commissioners of said county, at its March terms, for all receipts and expenditures of township money, and did not deliver up to said plaintiff, on the relation aforesaid, as his successor, all books, papers and vouchers belonging to said office, and pay over to his said successor all moneys on hand belonging to said township, although demanded so to do before the commencement of this suit. And this plaintiff, on the relation aforesaid, says, that, during the term of office of said Inglis as such trustee in and for said township, and after the execution of said bond, and up·to the time of the expiration of the term of office of said Inglis, and before the commencement of this suit, there went into his hands, as such trustee, on account of moneys belonging to said township, for township, road, school and school-house purposes, collected and received by the said Inglis, as such trustee, the sum of twelve hundred dollars, which said sum he failed, neglected and refused to deliver up to said plaintiff, on the relation aforesaid, as his successor in office. And the said plaintiff, on the relation aforesaid, avers, alleges and charges the said Alex-

ander Inglis with having broken the conditions of his bond as aforesaid, and with the breaches following, to wit: That the said Inglis did not expend, as required by law, for township, road, school and school-house purposes, and correctly account to the board of county commissioners of Madison county, at its March terms, for the sum of twelve hundred dollars, money received and collected for the purposes aforesaid, and that went into his hands as such trustee, but, on the contrary, squandered, invested and converted to his own use said sum of twelve hundred dollars.

"And, for a second and further breach of the said bond, said plaintiff, on the relation aforesaid, charges and alleges, that said defendant Inglis, as such trustee, failed, neglected and refused to pay over and deliver up to said plaintiff, on the relation aforesaid, the sum of twelve hundred dollars, money in the hands of said Inglis belonging to said township, on the account of township, road, school and school-house purposes, collected and received by him as such trustee during his said term of office; and still doth neglect, fail and refuse to pay said sum of money over to the plaintiff, on the relation aforesaid, as his successor in office, although demanded and requested to do so before the commencement of this suit," etc.

A demurrer to the complaint, for want of sufficient facts, was overruled, and exception taken.

The defendants answered in seven paragraphs; and demurrers for want of facts were sustained to the second, fifth, sixth and seventh, and exceptions taken.

The cause was tried by the court, resulting in a finding and judgment for the plaintiff, over a motion by the defendants for a new trial.

Errors are assigned, calling in question the rulings of the court on the several demurrers, and in overruling the motion for a new trial.

The action was evidently brought to recover money due to the civil township, and also for money due to the

school township; and it is objected to the complaint that it does not specify how much is due to each of those corporations; and we understand the point to be made, that, under the complaint, the plaintiff could not recover any thing due to the school township. The civil township and the school township are two different corporations existing in the same territory; but the trustee is the trustee of both corporations. He gives but one bond, which is intended to secure the faithful performance of his duty in respect to both of the corporations.

In *Steinmetz* v. *The State, ex rel.,* etc., 47 Ind. 465, it was held, that a recovery could be had in one suit, on a complaint properly framed, on the bond of the trustee, of funds of either or both corporations. In that case, the suit was brought upon the relation of the trustee of the civil township. Such is also the case in this action. In that case, the complaint, as the court construed it, only sought to recover money due to the civil township. Not so, however, in this action. Here the complaint seeks to recover money due to each of the corporations. In that case, it was held that the plaintiff could only recover money due to the civil township. The ruling necessarily followed the proposition, that the complaint only sought to recover money due to the civil township. Here, as we have seen, the complaint, in the body thereof, seeks to recover moneys due to each of the corporations; and, if this can not be done, it must be solely because the relator describes himself simply as trustee of the township, which implies the civil and not the school township. *McLaughlin* v. *Shelby Township,* 52 Ind. 114. But we take notice, as matter of law, that the relator was trustee of the school township if he was trustee of the civil township, and are of opinion, that the designation of his official character was sufficient to enable him to recover, as relator, the moneys due to each of the corporations.

With regard to the uncertainty in the complaint as to the amount due to each of the corporations, we may

remark, that such defect is not reached by a demurrer. The uncertainty could have been obviated by a motion to require the plaintiff to make the complaint more specific and certain in this respect, or, perhaps, by a motion for a bill of particulars.

It is objected that neither of the breaches of the bond is well assigned, and therefore that the demurrer to the complaint should have been sustained.

Without considering the first breach, we are of opinion that the second was sufficient.

We are of opinion, that, by a fair construction of the pleading, taking it all together, the allegation, that Inglis failed to pay over to the relator " the sum of twelve hundred dollars, money in the hands of said Inglis belonging to said township, on account of township, road, school and schoolhouse purposes, collected and received by him as such trustee during his said term of office," means, that the money mentioned as being in the hands of Inglis was in his hands at the expiration of his term of office, and when the relator became his successor. It was his duty to pay the money thus in his hands over to his successor. 1 R. S. 1876, p. 902, sec. 12.

He could not then legally appropriate the money, otherwise than by paying it over to his successor. If he had paid out the money according to law, during his term of office, he could not have had it in his hands at the end of his term. The allegation, therefore, that he had the money in his hands at the expiration of his term, rendered unnecessary any allegation that during his term he had not paid it out according to law. See *Morback* v. *The State, ex rel.,* etc., 34 Ind. 308.

The demurrer to the complaint was correctly overruled.

The second and fifth paragraphs of the answer were much alike. They need not be noticed separately, nor is it necessary to state any thing more than their substance. They alleged, in substance, that the township had no

convenient or safe place for the custody or keeping of the money belonging thereto; that Inglis, by the advice of the superintendent of public instruction of the State, the school examiner and the board of commissioners of the county, deposited the money in question in the First National Bank of Madison, Indiana; that the deposit was made in good faith, and that the bank was then in a solvent condition, and was regarded by prudent business men as a safe place of deposit; that the money, except a small dividend which has been paid to the relator, has been lost by the insolvency of the bank.

The demurrers were correctly sustained to these paragraphs of answer.

The trustee was liable for the money to the township, although he may have made the deposit in good faith, acting with ordinary prudence, and although he may have lost the money by the insolvency of the bank, without any negligence or want of care on his part. He was not a mere bailee of the money; but he became bound by his bond to the township for it, whatever casualty might have happened to him, whereby he lost it. This proposition is abundantly settled by the following cases in this court: *Halbert* v. *The State, ex rel.,* etc., 22 Ind. 125 ; *Morbeck* v. *The State, ex rel.,* etc., 28 Ind. 86; *Rock* v. *Stinger,* 36 Ind. 346.

It may be observed, that neither the advice nor direction of either the superintendent of public instruction, the school examiner, or the board of commissioners of the county, as to the deposit of the money, could discharge Inglis from his liability to the township for it. The trustee had the custody and control of the money, and it was for him, and him alone, to determine where and in what manner it should be kept. *Halbert* v. *The State, supra.*

The sixth and seventh paragraphs of the answer need not be set out. They simply raise the question, whether

the relator had a right to institute the action to recover the funds due to the civil or school township, without any direction or request by the board of commissioners of the county to do so. No statute has been cited requiring such direction or request before the bringing of such action, and we are aware of none. We think the action was well brought to recover both classes of funds, without any direction or request on the part of the board of commissioners. If such direction or request were necessary, a township might be deprived of its funds, for the want of a direction or request on the part of the board of commissioners to sue for them.

The demurrers were correctly sustained to these paragraphs of answer.

We come to the motion for a new trial. The first three causes for a new trial relate to the sufficiency of the evidence to sustain the finding. We think, upon an examination of the evidence, that it was sufficient.

The fourth and remaining cause is as follows:

"4th. The court erred in finding against the defendants as to the school funds, shown by the evidence given in said cause to have been received by said trustee, and which remained in his hands at the expiration of his term of office, and which were not paid over to his successor, the relator, nor accounted for by him."

What we have already said in considering the complaint, as to the right of the plaintiff in this action to recover funds due to the school as well as the civil corporation, disposes of this point.

The cause was tried without any reply to some of the affirmative paragraphs of the answer. But, by going into the trial of the cause without any reply, the defendants waived such reply, and it will be deemed, that, upon the trial, the matters pleaded were controverted, as if a reply in denial had been filed.

This has been very often decided by this court, but it

will be sufficient to refer to one case. *Waugh* v *Waugh*, 47 Ind. 580.

There is no error in the record.

The judgment below is affirmed, with costs.