Filed Nov. 17, 1887.

| 112 | 317 |
| 112 | 502 |
| 112 | 317 |
| 149 | 100 |
| 150 | 16 |

No. 12,918.

## VOGEL v. BROWN SCHOOL TOWNSHIP.

JUDGMENT.—*Summons Against Agent.*—*Judgment Void Against Principal.*—*Township.*—*Trustee.*—Where the summons is issued against the trustee of a township, a judgment thereon against the township is void, it being necessary that the writ should go against the corporation.

From the Martin Circuit Court.

*T. J. Brooks, S. M. Reeve, E. Moser* and *H. Q. Houghton,* for appellant.

*W. R. Gardiner, S. H. Taylor* and *J. T. Rogers,* for appellee.

ELLIOTT, J.—This case is substantially the same as that of *Vogel* v. *Brown Tp., ante,* p. 299, and is governed by the principles there declared. In this case, as in that, the summons was directed against the agent, and not against the principal, and the judgment was invalid.

The answer in this case shows that a summons was served on the trustee of the school corporation, but this does not meet the complaint, for that pleading shows that the writ did not issue against the corporation. As there was no summons

against the school township, there could be no legal notice,. and without a legal notice there could be no valid judgment..

It is to be borne in mind that the question here is not as to the method of service, but as to the writ itself. Nor is the objection to the form of the writ; it goes much deeper; it is that the writ was not issued against the defendant, but against another person. It is settled that the writ must go against the corporation, and not against its agent. There is, indeed, no difference, so far as concerns the person sued, between an action against a natural person and an action against an artificial person. Field Corp., section 346.

It certainly would not be contended that a writ issued against John Doe, agent of Richard Roe, would be valid as against the latter, and what is true of such a case must be true of this.

It is unnecessary to discuss the special finding, for what we have said disposes of the whole case, including the questions arising on the finding.

Judgment affirmed.

Filed Nov. 18, 1887.