The State, *ex rel.* Madison Civil Township, *v.* Wilson *et al.*

---

No. 13,841.

THE STATE, EX REL. MADISON CIVIL TOWNSHIP, *v.* WIL-
SON ET AL.

TOWNSHIP TRUSTEE.—*Action on Bond of.—Proper Relator.*—Either the town-
ship itself or its trustee is a proper relator in an action upon the bond
of a previous defaulting trustee. Sections 5990 and 253, R. S. 1881.
*Hawthorn* v. *State, ex rel.*, 48 Ind. 464, overruled.

From the Montgomery Circuit Court.

*G. W. Paul, M. D. White, J. E. Humphries, W. M. Reeves*
and *W. E. Humphrey,* for appellant.

*J. Wright* and *J. M. Seller,* for appellees.

ELLIOTT, J.—This action is prosecuted in the name of the
State, on the relation of Madison civil township of Mont-
gomery county. It is alleged in the complaint of the relator
that Thomas Wilson was duly elected and qualified as the
trustee of Madison township, and that he, as principal, and
the other defendants as sureties, executed the bond sued on
to secure the faithful performance by him of the duties of
that office. The complaint also alleges that Wilson received
as trustee the sum of three thousand dollars; that this sum
has not been paid over or accounted for, although a successor
to Wilson has been elected and inducted into office.

The appellees assert that the demurrer to the complaint
was correctly sustained, because Madison township is not the
proper relator. There is one decision which directly sustains
this position. *Hawthorn* v. *State, ex rel.*, 48 Ind. 464. But,
in that case the question was not much considered, nor was
the court's attention called to the statute, which reads
thus: "Each and every township that now is or may here-
after be organized in any county in this State is hereby
declared a body politic and corporate, by the name and
style of '——— township of ——— county,' according to
the name of the township and county in which the same

may be organized; and by such name may contract and be contracted with, sue and be sued in any court having competent jurisdiction." R. S. 1881, section 5990.

It seems to us that if this statute had been brought to the attention of the court, a different conclusion would have been reached in the case cited. We can not conceive on what ground a public corporation, expressly authorized to sue, can be denied the right to sue for a conversion of the funds to which it has the best and clearest right of all persons in the world. It would defeat the plain statutory provision to deny it this right. Nor, as we conceive, can anything be more appropriate than that the township itself should sue, or, what is essentially the same thing, be the relator in an action on the bond of its defaulting trustee, to recover its own money. Either the statute or the decision to which we have referred must yield; and, as the Legislature makes laws and the courts expound them, there can be no doubt that the statute must prevail.

There are, however, decisions which give effect to this statute by declaring, in general terms, that a township is a corporation, and may sue and be sued. *Sebrell* v. *Fall Creek Tp.*, 27 Ind. 86; *Board, etc.,* v. *Chitwood*, 8 Ind. 504; *Bittinger* v. *Bell*, 65 Ind. 445.

In *McIlwaine* v. *Adams*, 46 Ind. 580, it was held that a township is a corporation, and that an assignment of errors by the trustee was not an assignment by the township. It is so well settled that it may be deemed an elementary doctrine, that it is the corporation that must sue and be sued, and not its agents, unless the statute expressly so provides. *Vogel* v. *Brown Township*, 112 Ind. 299; *Vogel* v. *Brown School Township*, 112 Ind. 317.

There are many cases in our reports where the action on the bond of the trustee was brought on the relation of the township, among them, *Morback* v. *State, ex rel.*, 34 Ind. 308, *State, ex rel.*, v. *Haynes*, 79 Ind. 600, *State, ex rel.*, v. *Grammer*, 29 Ind. 530, and *State, ex rel.*, v. *Prather*, 44 Ind. 287.

In *Rowley* v. *Fair*, 104 Ind. 189, NIBLACK, C. J., said : "But the title of a township trustee in the money for which he is held accountable is only recognized to the extent that it is necessary for the better preservation of the various funds which the money represents, and is, in fact, a legal title only in a technical and very limited sense. The equitable title to, and the beneficiary interest in, such money is in the township, and in that view the money for which the trustee is liable upon his bond really belongs to the township."

It is quite clear that the decision in *Hawthorn* v. *State, ex rel., supra,* is opposed to the statute, is in conflict with principle, and is out of line with our cases. Nothing, therefore, is left for us to do but to declare it to be overruled.

In refusing assent to *Hawthorn* v. *State, ex rel., supra,* we do not depart from the line of cases referred to in *Rowley* v. *Fair, supra,* holding that the township trustee is more than the bailee of the money which comes into his hands, for, until he obtains the money he is in no sense the owner of it. Nor do we hold that a township trustee may not be a proper relator; on the contrary, we think that, as he is the trustee of an express trust, he may be the relator, but it does not follow from this that the beneficiary may not be the relator. We hold, in accordance with the doctrine laid down in many cases, that either the corporation itself or the officer entitled to the custody of the money may be the relator in an action on the bond. *Shook* v. *State, ex rel.,* 6 Ind. 113; *Hadley* v. *State, ex rel.,* 66 Ind. 271; *State* v. *Hebel,* 72 Ind. 361; *Hiatt* v. *State, ex rel.,* 110 Ind. 472.

It was held in *Johnson* v. *Harris,* 3 Blackf. 387, that the trustee can not sue on the bond of his predecessor, and in deciding, as we do, that the township is a proper relator, we take up and continue the line adopted by the court more than half a century ago, but we can not apply the doctrine of *Johnson* v. *Harris, supra,* in all its strictness and hold that only the township can be a relator, for the statute has

The State, *ex rel.* Madison Civil Township, *v.* Wilson *et al.*

materially changed the law by authorizing the trustees of an. express trust to sue.

The statute declares that "Actions upon official bonds, and bonds payable to the State, shall be brought in the name of the State of Indiana, upon the relation of the party interested." R. S. 1881, section 253. Surely, no one can doubt that the township is the party interested where its own funds have been converted by an outgoing trustee.

If there be doubt at all, the doubt would more naturally be whether any other person than the township can be a relator; but this doubt is removed by the provisions of the code and by the decision in *Shook* v. *State, ex rel., supra*. It was held in that case that there may be more than one person entitled to sue as relator. Certainly, the defendant can not be harmed by this doctrine, for, if the trustee recovers, the beneficiary can not; if, on the other hand, the beneficiary recovers, the trustee can not, so that the defendant is fully protected.

The cases of *State, ex rel.,* v. *Votaw,* 8 Blackf. 2, and *Dishon* v. *State, ex rel.,* 19 Ind. 255, are not in conflict with our conclusion, for they hold, as we do here, that the township trustee may be a relator; but they do not hold that the township, the corporation to which the money belongs and which is the party beneficially interested, may not be a relator. These cases are in harmony with the cases which hold that, in many instances, either of two officers may be a relator, or the action may be prosecuted on the relation of the public corporation itself. If it were necessary to hold that there could be only one person entitled to prosecute an action as a relator, the court would, on principle, be compelled to hold that it must be the person, artificial or natural, entitled to reap and enjoy the fruits of the litigation, and, in such a case as this, that would be the township. We are not, however, required to so confine the right, for, under our code and as held by many of our decisions, there are numerous cases where one of several persons may be a proper relator.

In *State, ex rel.,* v. *Votaw, supra,* the court held that the

officer might sue, because he was entitled to commission on the amount due, which gave him such an interest as enabled him to sue at common law, and very clearly intimated that, but for this interest, he would not have been a proper relator. It thus appears that, if it were not for the change wrought by the code, the township would be the only proper relator.

Judgment reversed.

Filed March 1, 1888.