## CATHCART *v.* NEW DURHAM TOWNSHIP OF LAPORTE COUNTY.

[No. 6,609.  Filed January 4, 1910.]

1. REPLEVIN.—*Road Tools.—Township Trustees.—Road Supervisors.*—A township trustee, so long as there is a legal, qualified and acting road supervisor, cannot, on behalf of his township, maintain an action in replevin to recover possession of the road tools and other effects belonging to such supervisor's district. p. 103.

2. HIGHWAYS.—*Supervisors.—Changing Boundaries of District.*—The mere change of boundaries of the road districts in a township does not vacate the office of road supervisor, of one of such districts, where the supervisor still resides in such district. p. 103.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by New Durham Township of Laporte County, by Hiram B. Herrold, trustee, against Herbert Cathcart.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Frank E. Osborn, W. A. McVey* and *Lee L. Osborn,* for appellant.

*Weir, Weir & Darrow,* for appellee.

HADLEY, J.—Appellee Herrold was trustee of New Durham township, Laporte county.  Appellant was road supervisor of road district number four.  In May, 1899, Herrold redistricted his township for road purposes, whereby the boundaries of district number four were changed, but appellant was left a resident of district number four, and with no other acting or qualified supervisor therein.  Thereafter, the trustee conceiving that the change of the boundaries of district number four had ousted appellant from his office, and that there was therefore a vacancy, appointed one Winters to the office of road supervisor for district number

four, and he duly qualified. Herrold then demanded that appellant turn over to him the books, papers and tools pertaining to the office, on the theory that he (Cathcart) was no longer road supervisor, and therefore not entitled longer to hold them. This demand was refused. Appellee then brought suit to replevin the property, on the theory that the township was the owner of the property and entitled to the possession thereof.

The question is presented whether the suit is properly brought, it being in the name of the township by appellee as trustee. There may be some virtue in this conten-

1. tion (McIlwaine v. Adams [1874], 46 Ind. 580; State, ex rel., v. Wilson [1888], 113 Ind. 501; Vogel v. Brown Tp. [1887], 112 Ind. 299; Vogel v. Brown School Tp. [1887], 112 Ind. 317), but it is not necessary for us to decide this question, as, under the facts stated, it is clear that appellee ought not to recover. Under §§6839-6847 Burns 1901, Acts 1883, p. 62, §§25-33, the road supervisor is made the custodian and held responsible for the care and safe-keeping of the property pertaining to his office, and is required, at the expiration of his term, to turn the same over to his successor in office; and, as long as there was a legal, qualified and acting road supervisor of the district, who was properly discharging the duties of his office, the township trustee had no right to the possession of the property, and consequently could not maintain a suit in replevin therefor.

In this case the appellant was the legal road supervisor. It was shown that he was duly appointed, that he duly qualified, and that his term had not expired. The

2. mere change of the boundaries of his district, so long as it left him within its limits as changed, did not oust him from his office. We do not hold that by redistricting, and consequently abolishing, his road district, appellee might not have vacated the office of appellant, as this is not the case here. His district was not abolished, only the boundaries were changed. District number four still remained.

Appellant remained a resident of it, and his status as road supervisor of district number four was not changed, and he was entitled to the possession of the property sought to be recovered, so long as he continued in his office and in the proper discharge of the duties thereof.

Judgment reversed, with instructions to grant a new trial.