STATE OF INDIANA, EX REL. SALT CREEK CIVIL
TOWNSHIP OF THE COUNTY OF MONROE
ET AL. *V.* STEVENS ET AL.

[No. 9,578. Filed January 24, 1917.]

1. APPEAL.—*Parties.—Appeal by Township.—Designation of Appellant.—Sufficiency.*—While §9562 Burns 1914, §5990 R. S. 1881, provides that each township is a corporation and shall be designated by the name and style of "........ township of ........ county" according to the name of the township and county in which the same may be organized, and that by such name it may sue and be sued, the name Salt Creek township imports the civil township without the addition of the word "civil" so that an appeal by such township will not be dismissed although it was designated in the proceedings below as "Salt Creek civil township," while in the assignment of errors the word "civil" was omitted. pp. 563, 564.

2. OFFICERS.—*Official Bonds.—Party in Interest.*—Where actions are brought upon official bonds payable to the state in its name on the relation of the party interested, as provided in §253 Burns

1914, §253 R. S. 1881, the state is but a nominal party, the real party in interest being the relator.   p. 564.

3. APPEAL.—*Parties.—Presumption.*—Where a political corporation is designated in the assignment of errors as "Salt Creek Township," a conclusive presumption arises that the reference is to the civil township.   p. 565.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Townships.—Official Bonds.— Action.—Parties.*—Either the trustee or the civil township, as relator, may prosecute an action on the bond of a preceding trustee to recover funds belonging to or due to the civil township, and likewise the trustee or the school township may, as relator, prosecute a like action to recover funds due or belonging to the school township, or in one action, either the trustee, as relator, or both corporations, as relators, may prosecute such an action to recover funds severally due the two corporations.   p. 565.

5. APPEAL.— *Term-Time Appeal.— Parties.— Statute.*— Under §675 Burns 1914, Acts 1895 p. 179, relating to term-time appeals by part of coparties, where an action was brought to recover on official bonds in behalf of both the civil and school township and the judgment was adverse to each, the school corporation is not a necessary party to a term-time appeal in order that the judgment may be reviewed in behalf of the civil township.   p. 566.

6. EVIDENCE. — *Judicial Notice. — Civil and School Townships. —* Where it appears that there is in Monroe county a township named Salt Creek township, the court judicially knows that there is also in that county a school corporation known as Salt Creek school township, since §§6404, 6405 Burns 1914, §§4437, 4438 R. S. 1881, declares that each civil township shall also be a distinct school corporation for school purposes to be known by the name and style of the civil township except that the word school should be added thereto, but townships being laid off, bounded, described and named by the board of county comissioners, under the provisions of §9559 Burns 1914, §5987 R. S. 1881, and not by legislative enactment, the court cannot judicially know that a school township designated in the assignment of errors as "Salt School township of Monroe county" is not a body politic separate and distinct from a school corporation known as Salt Creek school township in the same county, so that an appeal by the latter is ineffective where it is designated therein by the name set forth in the assignment of errors.   (*Miller* v. *Miller* [1913], 55 Ind. App. 644, disapproved in part.)   p. 566.

From Owen Circuit Court; *Robert W. Miers,* Judge.

Action by the State of Indiana, on the relation of Salt Creek civil township and Salt Creek school township of

the County of Monroe. Plaintiffs appeal from a judgment for defendants, and the latter move to dismiss the appeal. *Motion to dismiss appeal overruled.*

*Joseph K. Barclay, William M. Louden, Charles B. Waldron* and *Miller, Batman & Blair,* for appellants.

*East & East,* for appellees.

CALDWELL, J.—This action was brought and prosecuted by the State on the relation of the two corporations indicated to recover on three several official bonds, executed by appellee, William F. Stevens, as township trustee. The other appellees were sureties on the bonds. The cause is now before this court on appellees' motion to dismiss the appeal, conceded to be a term-time appeal.

The facts as presented by appellees are as follows: In the complaint and for the most part in the proceedings below, the relators are named as "Salt Creek civil township" and "Salt Creek School Township" of Monroe county, Indiana. In the assignment of error, which is several in form, the relators are named as "Salt Creek township of Monroe county, Indiana" and "Salt school township of Monroe county, Indiana". The judgment appealed from is to the effect that the plaintiff and relators take nothing by the complaint and that appellees recover from the relators their costs, and further that appellee William F. Stevens recover of Salt Creek township the sum of $67.73 and costs.

It will be observed that in naming the relators in the assignment of errors, the word "civil" is omitted in one case, and the word "Creek" in the other case. On such facts, appellees state their position as follows:

1. "The appeal should be dismissed herein, for the reason that errors are not assigned by the judgment defendants. On the complaint appellees recovered a judgment against the relators, Salt Creek civil township and Salt Creek school township of Monroe county, Indiana. The assignment of errors does not name either of said relators."

We proceed to determine whether or not such defects in the record necessitates a dismissal. There being in Monroe county a township, the name of which is Salt Creek township, it follows by virtue of statute that there is also in that county another corporation exercising dominion over the same territory as the former, but in a different field of activity, being "Salt Creek school township of Monroe county, Indiana." The first is a civil township and the second, a school township. §§6404, 6405 Burns 1914, §§4437, 4438 R. S. 1881; *Carmichael* v. *Lawrence* (1874), 47 Ind. 554. The trustee of the former is, by virtue of his office, trustee of the latter also. §6405, *supra*. A statute provides that actions upon official bonds and bonds

2. payable to the State of Indiana shall be brought in the name of the State of Indiana on the relation of the parties interested. §253 Burns 1914, §253 R. S. 1881. In such a case the relator is the real party in interest, the state being but a nominal party. 1 Works' Practice §49 and cases; *State, ex rel.* v. *Wilson* (1888), 113 Ind. 501, 15

N. E. 596. The statute, by virtue of which Salt Creek

1. township involved here exists as a body politic and corporate, prescribes that it may sue and be sued by the name of "Salt Creek township of Monroe county." §9562 Burns 1914, §5990 R. S. 1881. The corporation existing under such name is the civil township rather than the school township. *Baltimore, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 510, 65 N. E. 508. As the word "civil" is not one of the words specified by the statute as constituting the corporate name of a township, it should not be included. However, as the name "Salt Creek township," etc., imports the civil township, the addition of the word "civil" as a qualifying word does not in fact qualify or render either more or less certain the identity of the corporation and body politic to which reference is made. We are able to determine with certainty that Salt Creek civil township named in the proceedings below is the same corpora-

tion as is designated in the assignment of errors as Salt Creek township. Such is practically the holding in the case last cited. There, in a proceeding for a writ of mandate, a township was designated as "Washington civil township," etc. In meeting an objection that there is no such township, the Supreme Court says: "While not necessarily required in this case, nevertheless it was proper for the relator to designate himself as trustee of Washington civil township of Daviess county, Indiana. The word 'civil' might have been omitted without detriment to the petition."

3. Moreover, a political corporation being designated in the assignment of errors as "Salt Creek township" etc., a conclusive presumption arises that the reference is to the civil township. *Jarvis* v. *Robertson* (1890), 126 Ind. 281, 26 N. E. 182. *Sproat* v. *State, ex rel.* (1914), 182 Ind. 687, 107 N. E. 673. It may be said in addition that the transcript discloses that in the proceedings below, both the terms "Salt Creek civil township" and "Salt Creek township" are used to designate the civil township. Thus, in appellees' application for a change of venue, they designate the civil township as "Salt Creek township," and the judgment in favor of appellee, William F. Stevens, is entered against the civil township under the latter name.

The civil township, as we have said, is a corporation distinct from the school township. Each has its separate duties to perform, and controls and expends its own
4. funds. Either the trustee or the civil township, as relator, may prosecute an action on the bond of a preceding trustee to recover funds belonging to or due the civil township, and likewise the trustee or the school township may, as relator, prosecute a like action to recover funds due or belonging to the school township; or in one action, either the trustee, as relator, or both corporations, as relators, may prosecute such an action to recover funds severally due the two corporations. *State, ex rel.* v. *Wilson, supra; Steinmetz* v. *State* (1874), 47 Ind. 465; *Ross* v. *State, ex rel.*

(1892), 131 Ind. 548, 30 N. E. 702; *Inglis* v. *State, ex rel.* (1878), 61 Ind. 212; *Robinson* v. *State, ex rel.* (1877), 60 Ind. 26.

This action was brought in behalf of both corporations, each seeking to recover funds alleged to be due it. The judgment was adverse to each. The appeal is a term-

5. time appeal. Such being the case, the school corporation is not a necessary party to the appeal in order that the judgment may be reviewed in behalf of the civil township. The motion to dismiss should therefore be over-ruled. §675 Burns 1914, Acts 1895 p. 179.

Considering briefly the other phase of the case, this action was brought and prosecuted in the trial court in behalf of Salt Creek school township also, while Salt school

6. township, rather than Salt Creek school township is named as a relator in the assignment of errors. It being conceded or established that there is in Monroe county a township named Salt Creek township, we know judicially that there is also in that county a school corporation named Salt Creek school township. We know that fact judicially because there is a statute to that effect. §§6404, 6405 Burns 1914, *supra.* If we knew judicially that there was not in said county a Salt township also, and consequently a Salt school township, we might perhaps be justified in treating the omission of the word "Creek" in the assignment of errors as a mere clerical error. But townships are laid off, bounded, described and named by the board of county commissioners, rather than by legislative enactment. §9559 Burns 1914, §5987 R. S. 1881. It follows that we do not know judicially that the school township named in the assignment of errors is not an existing corporation and body politic separate and distinct from the school corporation in whose behalf as relator the action was brought in the trial court. We are, therefore, required to hold that the appeal is ineffective as to the school corporation.

It seems that this court erroneously held in *Miller* v. *Mil-*

*ler* (1913), 55 Ind. App. 644, 104 N. E. 588, that the court knows judicially that within a certain county there is a township of a certain name. To the extent indicated, *Miller* v. *Miller, supra,* is disapproved. *See Bragg* v. *Board, etc.* (1870), 34 Ind. 405; *Columbian Oil Co.* v. *Blake* (1895), 13 Ind. App. 680, 42 N. E. 234; *Olive* v. *State* (1888), 86 Ala. 88, 5 South. 653, 4 L. R. A. 33 and note.

The motion to dismiss the appeal is overruled.

Batman, J., not participating.

NOTE.—Reported in 114 N. E. 873.